UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00253-MOC

| | |
|---|---|
| **YEVETTE K. HUGHES**, ) | |
| ) | |
| ) | ORDER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **NANCY BERRYHILL,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary Judgment (#9 and #11). The matter is ripe for review. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff applied for Title XVI Supplemental Security Income (SSI) benefits in July 2012, alleging that she became disabled on March 28, 2008. (Tr. 18). Her claim was denied at the initial and reconsideration levels of review. (Tr. 114, 135). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Tr. 151-53). A hearing was held before Charles Howard, an ALJ, on December 18, 2014, at which plaintiff had an attorney representative present. (Tr. 42). In a January 29, 2015 written decision, the ALJ denied the plaintiff's claim. (Tr. 15-36). Plaintiff requested review of the ALJ's decision. (Tr. 14). The request for review was denied by the Appeals Council on March 10, 2016 (Tr. 5-9), rendering the ALJ's decision the final decision

of the Commissioner. See 20 C.F.R. § 404.981. Plaintiff has exhausted her available administrative remedies and the case is now ripe for judicial review under Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g).

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision,

then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b. An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since July 27, 2012, which was the claimant's application date. (Tr. 20). At step two, the ALJ found that the plaintiff had the following severe impairments: unspecified connective tissue disorder, asthma, obesity, panic disorder, and mood disorder. (Tr. 20-21). At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22).

The ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform light work, except that she could occasionally balance, stoop, kneel, and crawl, but could never climb or crouch. (Tr. 23). In addition, the ALJ's RFC assessment noted that the plaintiff should avoid concentrated exposure to extreme cold, extreme heat, humidity, pulmonary irritants, and dangerous moving machinery. Id. The ALJ limited the plaintiff to performing simple and routine

tasks and noted that the plaintiff could adapt to changes in work settings. Id. The ALJ found that the plaintiff could maintain concentration, persistence and pace for two-hour intervals and should be limited to no more than occasional interaction with the public. Id.

At step four, the ALJ found that plaintiff Hughes could not perform her past relevant work. (Tr. 29). At step five, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform, given her age, education, work experience, and RFC. (Tr. 29-30). Accordingly, the ALJ determined that the plaintiff had not been under a disability within the meaning of the Social Security Act, 20 C.F.R. 404.1520(g), from July 27, 2012. (Tr. 31).

**D. Discussion**

The court has closely read plaintiff's Memorandum of Law (#10) supporting her Motion for Summary Judgment. Plaintiff has made the following assignment of error:

I. The ALJ erred in failing to explain why he did not include a limitation to nonproduction work in the RFC despite giving great weight to the opinions of the psychological experts who found such a restriction warranted.

(#10) at 3. Plaintiff's assignment of error will be discussed below.

Plaintiff argues that the ALJ erred in failing to find that Ms. Hughes should have been limited to nonproduction work. The court reviews this allegation of error not for the ultimate conclusion— whether Ms. Hughes should be limited to nonproduction work—but instead whether the ALJ had substantial evidence upon which to make this determination. The court finds that the ALJ had substantial evidence to make such an assessment.

Plaintiff's memorandum notes that the plaintiff has undergone treatment for mental health disorders for many years. The plaintiff alleges that the ALJ did not adequately assess the opinions of psychiatric consultative experts, Dr. Berg and Dr. Marcus, and psychologists Dr. Lloyd and Dr.

Nelson. In particular, Ms. Hughes argues that the ALJ's failure to properly weigh and incorporate Dr. Lloyd's and Dr. Nelson's opinions regarding the production work environment, despite giving the opinions overall "great weight" in his decision, presents a significant error. (#10) at 4-5. In Ms. Hughes' argument, the failure to address this RFC limitation results in "insufficient legal analysis" that would make it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." (#10) at 5.

In discussing the RFC, the ALJ's opinion specifically mentions that the claimant has panic disorder and mood disorder. (Tr. 25). The ALJ goes on to cite records from Sylva Family Practice and Park Ridge Medical Associates noting that these conditions were controlled with medication. In discussing the consultative expert opinions of Dr. Berg and Dr. Marcus, the ALJ assessed their findings in detail, mentioning, *inter alia*, findings that plaintiff would have marked difficulties tolerating the stress of day-to-day work activity and some difficulties with the plaintiff getting along with others. (Tr. 26). The ALJ found that treatment records noted that medication has resulted in "essentially normal mental state evaluations" and that he found the claimants subjective claims were "not completely credible." (Tr. 27).

Specifically discussing the expert opinions, the ALJ gave the opinions of Dr. Berg and Dr. Marcus "little weight" as they were based on the claimant's subjective complaints and a one-time evaluation. Moreover, these opinions, according to the ALJ, were not supported by the treatment records. (Tr. 28). As for the opinions of Dr. Lloyd and Dr. Nelson, the plaintiff is correct that the ALJ ascribed these opinions "great weight" and noted their conclusions that the claimant "could adapt to routine changes and tolerate low stress in a <u>nonproduction</u> work setting." (Tr. 28) (emphasis added). The court has reviewed the RFC finding and concludes that the word "nonproduction" does not appear in the RFC heading. See (Tr. 23). Even so, the ALJ's RFC

discussion and findings, *inter alia*, discussed the extant record, assessed the specific opinions of the psychiatric consultative experts, considered the overall weight given to these expert opinions, incorporated an analysis of how long she would be able to concentrate, and used evidence for a finding that the plaintiff could adapt to routine changes in a work setting. Moreover, the ALJ specifically limited plaintiff as to her interaction with the public after further review. (Tr. 28). Finally, while the ALJ gave these opinions great weight, he was under no obligation to adopt them in their entirety or give them controlling weight, Parker v. Colvin, 2016 U.S. Dist. LEXIS 178726 ay *9 (W.D.N.C. Dec. 7, 2016), and could not give them controlling weight in any event because they were opinions from non-examining sources. 20 C.F.R. § 416.902; S.S.R. 96-2p.

The court is asked whether the ALJ had substantial evidence upon which to base his determination. Put another way, a court must ask whether the ALJ has sufficiently explained his decision making process in concluding that a limitation to nonproduction work, as opined by Drs. Lloyd and Nelson, should not be included in plaintiff's RFC. Here, the court is not "left to guess" at how the ALJ arrived at his determinations of the plaintiff's RFC. See Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015). Underlying her concern, plaintiff argues that the ALJ should have included a limitation to nonproduction work because of her anxiety disorder and panic attacks for which she has received treatment for many years. (#10) at 3. The ALJ specifically addressed these concerns, noting that plaintiff has neither "sought nor acquired more aggressive treatment" than what she received from her family doctor and specifically concluded that such medications were successful in controlling plaintiff's anxiety. (Tr. 26). In his opinion, the ALJ further cited treatment notes from plaintiff's doctor, who noted plaintiff's anxiety remained stable in the year immediately preceding plaintiff's application for benefits. (Tr. 26).

The ALJ in this case made a determination based on substantial evidence and provided a sufficient explanation of how and why he determined plaintiff's RFC. The fact that the ALJ otherwise gave great weigh to these opinions is to his credit; however, he was under no obligation to thereafter adopt Drs. Lloyd's and Nelson's occupational conclusions as they were not treating sources. Instead, the ALJ specifically addressed the severity of the mental health issues which plaintiff contends would have supported a limitation to nonproduction work. The extensive discussion here was far more than the comparable boilerplate assessment in <u>Mascio</u> and was more than enough for this reviewing court to assess whether substantial evidence existed for the ALJ's decision.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u> at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) plaintiff's Motion for Summary Judgment (#9) is **DENIED;**

(3) the Commissioner's Motion for Summary Judgment (#11) is **GRANTED;** and

(4) this action is **DISMISSED.**

Signed: March 29, 2017

Max O. Cogburn Jr
United States District Judge